**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CYNTHIA JARRELL,** | * | |
|       **PLAINTIFF,** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **DIVISION** |
| | * | |
| **WRIGHT NATIONAL FLOOD** | * | |
| **INSURANCE COMPANY,** | * | **MAGISTRATE NO.** |
|       **DEFENDANT.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Cynthia Jarrell ("Homeowner"), who files this Original Complaint against Defendant Wright National Flood Insurance Company ("Insurer") on the grounds set forth below:

**I.     Jurisdiction**

1.     This Court has jurisdiction over the subject matter of this action pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. 4001 (the "Act"). Under the terms of the Act, Federal Courts shall have exclusive jurisdiction over claims arising under flood insurance policies made available under the Act, as administered by the Federal Emergency Management Agency ("FEMA").

2.     This action arises under the Write-Your-Own Program ("WYO") regulations under the Act. FEMA created the WYO program in 1983, permitting private insurers to write flood policies pursuant to the Act, in the individual name of the private insurer. Under the WYO program, FEMA regulations set the terms and conditions of the policies, the federal government underwrites the policies, and private WYO carriers perform significant administrative functions, including the arranging for the adjustment, settlement, payment, and defense of all claims arising

from the policies. In this capacity, WYO carriers are fiscal agents of the United States federal government.

## II. Venue

3. Venue is appropriate in the Middle District of Louisiana because Homeowner suffered the damages complained of the property situated with the boundaries of this district.

4. The Court has personal jurisdiction over all parties identified.

## III. Parties

5. Insurer is a foreign corporation authorized to do business in Louisiana and issuing WYO flood policies in this state.

6. Homeowner is a person of the age of majority and full capacity that owns property located at 10755 Darryl Drive, in East Baton Rouge Parish, within the Middle District of Louisiana (the "Property"). The property is Homeowner's primary residence.

## IV. Facts

7. Homeowner entered into a contract with Insurer to provide insurance coverage against flood damage pursuant to the terms of the Act (the "Policy"). The Policy bears policy number 17-1150601457-05.

8. On August 13, 2016, a flooding event occurred in Louisiana, which caused catastrophic flood damage to numerous structures throughout Louisiana including the Property.

9. Homeowner timely notified Insurer of the loss and submitted proof thereof.

10. Insurer sent an adjuster to evaluate the losses to Homeowner's property. The adjuster acted as Insurer's legal agent. Ultimately, the adjuster significantly undervalued the damages to Plaintiff's dwelling.

11. Homeowner mailed to Insurer a letter outlining the adjuster's deficiencies and attached a damage estimate and a sworn proof of loss, which was timely submitted. A true and accurate copy of Plaintiff's sworn proof of loss is attached as "Exhibit A."

12. Insurer refused to honor the disputed amount of property damage. Specifically, Defendant denied the proof of loss on February 24, 2017. A true and accurate copy of which is attached as "Exhibit B."

13. At all times Homeowner fulfilled all obligations under the Policy.

14. At all material times, Insurer negligently failed to adjust Homeowner's claims properly. Those deficiencies include, but are not limited to: (1) failing to timely adjuster Homeowner's flood claims; (2) failing to honor Homeowner's satisfactory proof of loss; (3) failing to properly train its adjusters and agents; (4) failure to abide by the terms of the Policy; and (5) any and all misconduct as becomes known before trial.

15. In doing so, Insurer has violated its own rule for adjusting flood claims, the Act, FEMA regulations, and federal common law.

WHEREFORE, Plaintiff, Cynthia Jarrell, prays that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Plaintiff, Cynthia Jarrell, and against Defendant, Wright National Flood Insurance Company, for damages as are reasonable in the premises; said judgment to bear legal interest from the date of judicial demand until paid and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:

MORRIS BART, LLC
601 POYDRAS STREET, 24TH FLOOR
NEW ORLEANS, LA 70130
TELEPHONE: (504) 599-3386
FACSIMILE: (504) 617-7831
E-MAIL: abosso@morrisbart.com

*/s/ Adam A. Bosso*
ADAM A. BOSSO, NO. 33513
ATTORNEY FOR PLAINTIFF