# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CYNTHIA JARRELL**
    Plaintiff,

vs.

**WRIGHT NATIONAL FLOOD INSURANCE COMPANY,**
    Defendant.

**CIVIL ACTION**

**NO. 17-301-SDD-RLB**

## CONSOLIDATED WITH AND PERTAINS TO:[1]

| | |
|---|---|
| 17-cv-01123-SDD-RLB | Barnes v. Wright National Flood Insurance Company |
| 17-cv-00725-SDD-RLB | Beeson v. Wright National Flood Insurance Company |
| 17-cv-01343-SDD-RLB | Chehl, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-00761-SDD-RLB | Daniels v. Wright National Flood Insurance Company |
| 17-cv-01651-SDD-RLB | Harris, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-01596-SDD-RLB | Meyer, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-00778-SDD-RLB | Mitchell, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-01366-SDD-RLB | P and N Enterprises v. Wright National Flood Insurance Company |
| 17-cv-01410-SDD-RLB | Porche, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-01333-SDD-RLB | Richardson v. Wright National Flood Insurance Company |
| 17-cv-00733-SDD-RLB | Scott v. Wright National Flood Insurance Company |
| 17-cv-01052-SDD-RLB | Smith, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-01341-SDD-RLB | Spencer v. Wright National Flood Insurance Company |
| 17-cv-00781-SDD-RLB | Spike v. Wright National Flood Insurance Company |
| 17-cv-01532-SDD-RLB | Stewart, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-01119-SDD-RLB | Thomas, *et al.* v. Wright National Flood Insurance Company |
| 17-cv-00719-SDD-RLB | Wiley, *et al.* v. Wright National Flood Insurance Company |

---

[1] While Defendant filed the subject Motion (R. Doc. 137) on February 7, 2020 on behalf of 20 consolidated cases, a review of the status of each of those litigations reveals that the following three cases have settled since the filing of Defendant's Motion: (1) *Centerbar, et al. v. Wright National Flood Insurance Company*, 17-cv-01040-SDD-RLB (R. Docs. 16 and 17); (2) *Lemond, et al. v. Wright National Flood Insurance Company*, 17-cv-00785-SDD-RLB (R. Docs. 13 and 14); and (3) *Perry, et al. v. Wright National Flood Insurance Company*, 17-cv-00763-SDD-RLB (R. Docs. 13 and 14). Accordingly, this instant Order does not apply to the aforementioned, settled cases, and those Plaintiffs are specifically excluded from the relief granted herein.

# **ORDER**

Before the Court is the Motion for Order to Compel Discovery (R. Doc. 137) filed by Defendant, Wright National Flood Insurance Company, on February 7, 2020. The Motion has not been opposed, nor have Plaintiffs sought an extension of time in which to do so.

Defendant represents that Plaintiffs have not complied with the scheduling and/or completion of depositions in the matters referenced above. On a general level, Defendant represents that it has communicated with counsel for Plaintiffs regarding the scheduling of the deposition of the Plaintiff(s) in each of these matters beginning in August 2019, and after diligent efforts, have been unable to do so as a result of the failure of the party or counsel to adequately participate. (R. Doc. 137 at 2-4). As to each deposition, Defendant indicates the date on which the deposition was noticed. (R. Doc. 137-1 at 4-11). Defendant also provides specific explanation as to the circumstances and history surrounding each noticed deposition, including failure to provide alternative dates, failure to provide information regarding an incarcerated deponent, counsel's inability to contact its client, failure to resolve issues surrounding a deceased plaintiff, failure to schedule completion of previously commenced deposition, failure to communicate regarding scheduling deposition of deponent with health issues, and complications regarding location of deposition. (R. Doc. 137-1 at 4-11).

The Court finds Plaintiffs' failure to properly participate in noticed depositions unacceptable and contrary to the efficient resolution of their claims. Having not filed any opposition, Plaintiffs provide no information regarding their failure to comply with Defendant's attempt to schedule depositions. As Plaintiffs have not set forth any justification for their failure to comply with the taking of requested depositions by Defendant, the Court presumes Plaintiffs

have no good cause for said failures. Accordingly, the Court will grant Defendant's Motion for Order to Compel Discovery (R. Doc. 137) as requested, subject to the guidance that follows.

First, within sixty (60) days of the date of this Order, counsel for Plaintiffs and Defendant shall confer and resolve any and all outstanding issues impeding the taking of any deposition, including location, incarceration, health issues, substitution after death, and any other circumstances that need to be resolved in order to allow Defendant to proceed with the taking of depositions. Second, to the extent possible and compliant with any and all standing orders regarding COVID-19, the parties shall schedule all of the depositions that are the subject of this Motion within sixty (60) days of the date of this Order, and complete the taking of same within ninety (90) days of the date of this Order. Insofar as the taking of depositions is concerned, the Court hereby explicitly authorizes the taking of depositions by remote means pursuant to Fed. R. Civ. P. 30(b)(4), where necessary.

At the same time, the Court recognizes the potential difficulty in the taking of depositions given the national emergency resulting from the outbreak of COVID-19, and the various orders and recommendations regarding the ability of person(s) to travel and/or occupy spaces in groups. While the parties shall make every effort to conduct these depositions, including by remote means if necessary, should any deposition or depositions be unable to proceed within the next ninety (90) days due to issues related to the current National Emergency, the parties shall provide an update to the Court explaining those circumstances. This update shall be filed into the record on or before the expiration of sixty (60) days from the date of this Order. The Court specifically cautions that, notwithstanding significant, substantiated extenuating circumstances, the only circumstances under which the Court will permit additional time to conduct any deposition is due to insurmountable obstacles related to the National COVID-19 Emergency.

Additionally, Defendant has requested costs and fees incurred in the bringing of its Motion, pursuant to Fed. R. Civ. P. 37(a)(5). (R. Doc. 137 at 2-3). Fed. R. Civ. P. 37(a)(5)(A) requires the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. The Court must not order this payment, however, if the nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Here, Plaintiffs have made no attempt to justify their failure to comply with reasonable and continued requests to schedule and complete noticed depositions, and have not opposed Defendant's Motion. Accordingly, the Court finds the award of the fees requested to be reasonable and will grant same. <u>Counsel</u> for the individual plaintiffs is responsible for the payment of such fees and expenses.

Further, to the extent any of Defendant's fees were incurred in connection with the cases that have settled since the filing of the Motion, Defendant may still recover those fees, though Plaintiffs in those cases are exempt from the relief provided herein regarding the taking of depositions. The Notices of Settlement in each of those cases were filed after the date of the filing of Defendant's Motion such that the conduct of the Plaintiffs and/or their counsel necessitated the filing of the motion, and Defendant is entitled to recover the costs in connection therewith.

Prior to filing any motion to recover the costs and fees, including attorney's fees, granted herein, the parties shall promptly confer and attempt to resolve costs and fees amongst themselves. Defendant shall provide counsel for Plaintiffs an itemized accounting of the fees sought. If the parties do not agree to a resolution, Defendants shall, within fourteen (14) days of the date of this Order, file a motion for Fees and Costs pursuant to Rule 37, setting forth the

reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order, and Plaintiffs shall file any opposition to those costs and attorney's fees within seven (7) days of the filing of Defendant's motion. Any such motion shall also include a detailed statement (including evidentiary support) of the efforts made by all parties to resolve costs and attorney's fees prior to seeking Court intervention.

Based on the foregoing,

**IT IS ORDERED** that the Motion for Order to Compel Discovery (R. Doc. 137) filed by Defendant, Wright National Flood Insurance Company, on February 7, 2020 is **GRANTED**, and the parties shall proceed with the subject depositions in accordance with the body of this Order.

**IT IS FURTHER ORDERED** that the request for costs and fees, including attorney's fees, sought by Defendant, Wright National Flood Insurance Company, is **GRANTED**, and counsel for Plaintiffs shall remit costs and fees to counsel for Defendant in accordance with the body of this Order.

Signed in Baton Rouge, Louisiana, on March 26, 2020.

                              **RICHARD L. BOURGEOIS, JR.**
                              **UNITED STATES MAGISTRATE JUDGE**