# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CYNTHIA JARRELL

    Plaintiff,

vs.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

    Defendant.

CONSOLIDATED CASE NO.
3:17-cv-00301-SDD-RLB

---

**CONSOLIDATED WITH AND PERTAINS TO:**

| | |
|---|---|
| 17-cv-00772-SDD-RLB | Adams, et al. v. Wright National Flood Insurance Company |
| 17-cv-00735-SDD-RLB | Aiken, et al. v. Wright National Flood Insurance Company |
| 17-cv-00709-SDD-RLB | Allen, et al. v. Wright National Flood Insurance Company |
| 17-cv-00805-SDD-RLB | Anderson, et al. v. Wright National Flood Insurance Company |
| 17-cv-01381-SDD-RLB | Barclay v. Wright National Flood Insurance Company |
| 17-cv-01123-SDD-RLB | Barnes v. Wright National Flood Insurance Company |
| 17-cv-00715-SDD-RLB | Barney, et al. v. Wright National Flood Insurance Company |
| 17-cv-01553-SDD-RLB | Beysselance, et al. v. Wright National Flood Insurance Company |
| 17-cv-00796-SDD-RLB | Blackard, et al. v. Wright National Flood Insurance Company |
| 17-cv-00722-SDD-RLB | Bond v. Wright National Flood Insurance Company |
| 17-cv-00782-SDD-RLB | Broussard, et al. v. Wright National Flood Insurance Company |
| 17-cv-01367-SDD-RLB | Brown v. Wright National Flood Insurance Company |
| 17-cv-00789-SDD-RLB | Bryant, et al. v. Wright National Flood Insurance Company |
| 17-cv-00707-SDD-RLB | Casselberry, et al. v. Wright National Flood Insurance Company |
| 17-cv-01343-SDD-RLB | Chehl, et al. v. Wright National Flood Insurance Company |
| 17-cv-01369-SDD-RLB | Clardy v. Wright National Flood Insurance Company |
| 17-cv-00737-SDD-RLB | Coleman, et al. v. Wright National Flood Insurance Company |
| 17-cv-00769-SDD-RLB | Cothern v. Wright National Flood Insurance Company |
| 17-cv-01500-SDD-RLB | Courtney, et al. v. Wright National Flood Insurance Company |
| 17-cv-00806-SDD-RLB | Curtis-Pea v. Wright National Flood Insurance Company |
| 17-cv-00761-SDD-RLB | Daniels v. Wright National Flood Insurance Company |

| | |
|---|---|
| 17-cv-00800-SDD-RLB | Dedon, et al. v. Wright National Flood Insurance Company |
| 17-cv-00705-SDD-RLB | Diaz, et al. v. Wright National Flood Insurance Company |
| 17-cv-00909-SDD-RLB | Dyer v. Wright National Flood Insurance Company |
| 17-cv-00716-SDD-RLB | Ford, Sr. v. Wright National Flood Insurance Company |
| 17-cv-00741-SDD-RLB | Fortenberry, et al. v. Wright National Flood Insurance Company |
| 17-cv-00751-SDD-RLB | French, et al. v. Wright National Flood Insurance Company |
| 17-cv-00728-SDD-RLB | Garcia, et al. v. Wright National Flood Insurance Company |
| 17-cv-00748-SDD-RLB | Hall, et al. v. Wright National Flood Insurance Company |
| 17-cv-01651-SDD-RLB | Harris, et al. v. Wright National Flood Insurance Company |
| 17-cv-01330-SDD-RLB | Harrison, et al. v. Wright National Flood Insurance Company |
| 17-cv-00758-SDD-RLB | Harrison v. Wright National Flood Insurance Company |
| 17-cv-00753-SDD-RLB | Herbert v. Wright National Flood Insurance Company |
| 17-cv-00746-SDD-RLB | Jacobs v. Wright National Flood Insurance Company |
| 17-cv-00734-SDD-RLB | Kanada v. Wright National Flood Insurance Company |
| 17-cv-00791-SDD-RLB | Karajulles-Taylor v. Wright National Flood Insurance Company |
| 17-cv-01122-SDD-RLB | Laird v. Wright National Flood Insurance Company |
| 17-cv-00712-SDD-RLB | Larry v. Wright National Flood Insurance Company |
| 17-cv-00804-SDD-RLB | Lathers v. Wright National Flood Insurance Company |
| 17-cv-00745-SDD-RLB | Lee v. Wright National Flood Insurance Company |
| 17-cv-00713-SDD-RLB | Leleu v. Wright National Flood Insurance Company |
| 17-cv-00738-SDD-RLB | Lemons, et al. v. Wright National Flood Insurance Company |
| 17-cv-00750-SDD-RLB | Lyles, et al. v. Wright National Flood Insurance Company |
| 17-cv-00766-SDD-RLB | McCutcheon, Jr. v. Wright National Flood Insurance Company |
| 17-cv-01647-SDD-RLB | McDaniel v. Wright National Flood Insurance Company |
| 17-cv-00799-SDD-RLB | McDaniel, et al. v. Wright National Flood Insurance Company |
| 17-cv-00794-SDD-RLB | Mellion, et al. v. Wright National Flood Insurance Company |
| 17-cv-01596-SDD-RLB | Meyer, et al. v. Wright National Flood Insurance Company |
| 17-cv-01339-SDD-RLB | Meyers, et al. v. Wright National Flood Insurance Company |
| 17-cv-00778-SDD-RLB | Mitchell, et al. v. Wright National Flood Insurance Company |
| 17-cv-00729-SDD-RLB | Morris v. Wright National Flood Insurance Company |
| 17-cv-00739-SDD-RLB | Morris v. Wright National Flood Insurance Company |
| 17-cv-01121-SDD-RLB | Motichek, et al. v. Wright National Flood Insurance Company |
| 17-cv-00754-SDD-RLB | Neal v. Wright National Flood Insurance Company |
| 17-cv-00704-SDD-RLB | O'Conner, et al. v. Wright National Flood Insurance Company |

| | |
|---|---|
| 17-cv-01366-SDD-RLB | P and N Enterprises v. Wright National Flood Insurance Company |
| 17-cv-00802-SDD-RLB | Pace, et al. v. Wright National Flood Insurance Company |
| 17-cv-01591-SDD-RLB | Padial v. Wright National Flood Insurance Company |
| 17-cv-01575-SDD-RLB | Plantation Car Wash v. Wright National Flood Insurance Company |
| 17-cv-01410-SDD-RLB | Porche, et al. v. Wright National Flood Insurance Company |
| 17-cv-00718-SDD-RLB | Porter, et al. v. Wright National Flood Insurance Company |
| 17-cv-00786-SDD-RLB | Reid, et al. v. Wright National Flood Insurance Company |
| 17-cv-01574-SDD-RLB | Richardson v. Wright National Flood Insurance Company |
| 17-cv-00755-SDD-RLB | Robinson v. Wright National Flood Insurance Company |
| 17-cv-00752-SDD-RLB | Ruiz v. Wright National Flood Insurance Company |
| 17-cv-00714-SDD-RLB | Sagona v. Wright National Flood Insurance Company |
| 17-cv-00733-SDD-RLB | Scott v. Wright National Flood Insurance Company |
| 17-cv-01124-SDD-RLB | Sibley v. Wright National Flood Insurance Company |
| 17-cv-01052-SDD-RLB | Smith, et al. v. Wright National Flood Insurance Company |
| 17-cv-01556-SDD-RLB | Smith v. Wright National Flood Insurance Company |
| 17-cv-01348-SDD-RLB | Southern v. Wright National Flood Insurance Company |
| 17-cv-00767-SDD-RLB | Spears v. Wright National Flood Insurance Company |
| 17-cv-01341-SDD-RLB | Spencer v. Wright National Flood Insurance Company |
| 17-cv-00759-SDD-RLB | St. Angelo, Jr. v. Wright National Flood Insurance Company |
| 17-cv-01532-SDD-RLB | Stewart, et al. v. Wright National Flood Insurance Company |
| 17-cv-00798-SDD-RLB | Tate, et al. v. Wright National Flood Insurance Company |
| 17-cv-00787-SDD-RLB | Tureau, et al. v. Wright National Flood Insurance Company |
| 17-cv-00749-SDD-RLB | Ward v. Wright National Flood Insurance Company |
| 17-cv-00756-SDD-RLB | White, et al. v. Wright National Flood Insurance Company |
| 17-cv-00784-SDD-RLB | Winnfield v. Wright National Flood Insurance Company |
| 17-cv-00762-SDD-RLB | Young v. Wright National Flood Insurance Company |

**ORDER**

Before the Court is the Motion to Quash Subpoenas Issued to ATA Consulting, LLC filed by Plaintiffs on May 29, 2020. (R. Doc. 145). The Motion is Opposed. (R. Doc. 148). The Court notes at the outset that it has resolved several other disputes regarding the discovery at issue and

some others remain pending.  It is not clear if this issue – whether the Court would permit subpoenas issued to ATA Consulting, LLC – is even still in dispute.

Plaintiffs seek to quash subpoenas issued by Defendant to ATA Consulting, LLC, a third party to this litigation. Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) ("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.").  Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Plaintiffs' argument is that the subpoenas issued to ATA Consulting, LLC should be quashed because they "seek documents related to non-retained experts more than three months

after the close of non-expert discovery." (R. Doc. 145 at 5). Plaintiffs represent that their retained expert is Tommy Tomkins of ATA Consulting, LLC, but that ATA Consulting, LLC itself is not a retained expert, such that the subpoenas issued to ATA Consulting, LLC constitute untimely and inappropriate fact discovery. (R. Doc. 145 at 6). Citing to excerpts of the Tomkins deposition and expert reports, Defendant highlights various purportedly inconsistent statements, and suggests that the subpoenas issued to ATA Consulting, LLC are intended to be a vehicle toward clarity surrounding the expert designation and reports. Defendant suggests that the subpoenas seek essentially two categories of information: (1) information regarding the estimate relied upon by Tomkins; and (2) financial information regarding the retention of Tomkins and purportedly ATA Consulting, LLC as an expert. (R. Doc. 148 at 15).

The Court granted Defendant's request to extend the expert and dispositive motion deadlines to August 31 and September 30, 2020, respectively, by way of Order dated July 2, 2020. (R. Doc. 151). This Court's July 2, 2020 Order references and adopts the July 2, 2020 Order in *Robert ("Bobby") and Tina Annison v. Metropolitan Property and Casualty Insurance Company*, Case No. 3:17-cv-1629-SDD-EWD (Entry No. 57) (hereinafter, the "Annison Order"). Therein, the lack of clarity with regard to the identity of Plaintiffs' retained expert was noted, specifically citing Plaintiffs' designation of Tommy Tomkins juxtaposed with Tomkins's report stating that ATA Consulting, LLC was retained. (Annison Order, p. 12).

Further, the Annison Order, adopted in this docket, contemplates the extension of the expert and dispositive motion deadlines in order to seek discovery from ATA Consulting, LLC and/or Austin Tanner to fully understand the Tomkins expert report and any remaining issues. Therein, we stated that, "[o]ther than discovery **directed to and/or a deposition of Tanner/ATA**, there appears to be no way for Defendant to obtain the photographs (or determine

5

whether they still exist), much less determine whether the photographs do, in fact, support Tomkins's opinions expressed in his Report. Given this, it appears that modifications to the Scheduling Order requested by Defendant are critically important to Defendant and its ability to defend the Action." (Annison Order, p. 14) (emphasis added). We also made a finding of exceptional circumstances to depose Tanner, while explicitly not dictating the method which Defendant may use to obtain the expert discovery it seeks. (Annison Order, pp. 16-17).

While the focus of the Annison Order is on the photographs Defendant seeks in connection with Tomkins's expert report, the reasoning therein is applicable here. Defendant has established good cause for the discovery directed to ATA. Plaintiff has not raised with the Court any objection to any specific request contained in the subpoenas on any grounds other than the suggestion of general untimeliness as fact discovery.[1] Because the Court finds this argument without merit, the Court finds it appropriate to deny Plaintiffs' Motion to Quash.

Based on the foregoing,

**IT IS ORDERED** that the Motion to Quash Subpoenas Issued to ATA Consulting, LLC (R. Doc. 145) filed by Plaintiffs on May 29, 2020 is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for the subpoenas issued by Defendant, Wright National Flood Insurance Company, shall be fourteen (14) days from the date of this Order.

Signed in Baton Rouge, Louisiana, on August 27, 2020.

                                                          **RICHARD L. BOURGEOIS, JR.**
                                                          **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that there is a corresponding Motion to Compel filed by Defendant in Alabama and transferred to this Court in *Wright National Flood Insurance Company v. ATA Consulting, LLC*, Case No. 3:20-mc-00078-SDD-RLB, raising substantive issues and objections, which objections are being addressed by way of separate order.

6